### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID A. HORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-00010 (UNA) |
| | ) | |
| CAPITAL PARK | ) | |
| PLAZA APARTMENTS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION</u>

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., sues Capital Park Plaza Apartments, also located in the District. Plaintiff is a recipient of a tenant-based federally-funded rent subsidy, or housing voucher, that is administered in the District of Columbia by the D.C. Housing Authority. Plaintiff alleges that defendant, from whom he rented an apartment with his voucher, committed a litany of wrongful, negligent, fraudulent, and otherwise harmful acts. More specifically, he contends that defendant refused to show him certain available apartments, delayed his move-in date and provision of copies of the lease agreement and inspection check-lists, forged his signature on certain documents, refused to follow through with repairs or to provide him with a designated parking spot, and has misconstrued the contract terms relating to the security deposit. He alleges that these actions were intentional and violated his "rights to due-process," causing him to "endure

oppressive and discriminatory effects."  He believes that his "age and skin color, played a role in the Defendant's actions and treatment . . . at some point." He demands $43,000 in damages.

Here, the complaint alleges that the defendant violated the federal constitution, specifically, his right to due process.  These guarantees impose restrictions on the conduct of the federal government only, and not on the conduct of private parties such as the defendant in this case. *Parker v. Daniels*, No. 09-0810, 2009 WL 1184391 at *1 (D.D.C. May 4, 2009) (dismissing due process claims against private landlord from whom plaintiff rented an apartment with her HUD and DCHA-administered section 8 voucher)*; see also Lyles v. Hughes*, 964 F. Supp. 2d 4, 7–8 (D.D.C. 2013) (dismissing 42 U.S.C. § 1983 constitutional claims against private landlord and property managers where allegations failed to show that they were "agents of or acted jointly with the District of Columbia"); *Seitu v. Huntwood Preservation, LLC*, No. 16–CV–00240, 2016 WL 10662483 at *1 (D.D.C. Feb. 16, 2016) (finding same). "While a landlord has certain duties to a tenant that are legally enforceable, such matters are generally matters of common law or state law (not federal law), which may be heard in a court of general jurisdiction such as a state court or, in the case of the District of Columbia, the District of Columbia Superior Court."  *Parker*, 2009 WL 1184391 at *1 n.2.; *see generally*, D.C. Code, Ch. 32, *et seq*.

Additionally, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Here, as discussed, plaintiff has failed to state a viable federal question.  Despite having referenced "due process" and potential bases for discrimination, he has stated no actual facts supporting these alleged constitutional violations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true"); *see also Taylor v. DCHA*, No. 09-2190, 2009 WL 4030938 at *1 (Nov. 19, 2009) (dismissing complaint for lack of subject matter jurisdiction where plaintiff invoked the Fourteenth Amendment, among others, but failed to provide more than formulaic recitations of discrimination). "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Furthermore, "[f]or jurisdiction to exist under § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).  Plaintiff and his landlord both reside in the District of Columbia, and the minimal amount in controversy is not satisfied, therefore, there can be no basis for diversity jurisdiction.   For all of these reasons, this case is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  January 15, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge